### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OUSMANE SOUMARE** | |
| **v.** | |
| **JAMAL L. JAMISON,** *in his official capacity as the Warden of the Philadelphia Federal Detention Center;* **DAVID O'NEILL,** *in his official capacity as Acting Philadelphia Field Office Director for U.S. Immigration and Customs Enforcement;* **KRISTI NOEM,** *in her official capacity as Secretary of the U.S. Department of Homeland Security;* **PAMELA BONDI,** *in her official capacity Attorney General of the United States;* **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;** and **U.S. DEPARTMENT OF HOMEAND SECURITY** | **CIVIL ACTION**<br><br>**No. 25-6490** |

**Henry, J.**                                         **December 2, 2025**

### MEMORANDUM

Ousmane Soumare is one of many people who have recently been detained by immigration authorities under the authority of a new decision by the Bureau of Immigration Appeals (BIA). The BIA's interpretation of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225, would permit it to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[2] This distinction deprives a detainee like Soumare of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent weeks and months

---

[2] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

rejecting the BIA's analysis, I grant Soumare's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

## I.    <u>BACKGROUND</u>

On November 17, 2025, Ousmane Soumare filed a petition for a writ of habeas corpus in this Court. The case was assigned to me on November 20, 2025. In his petition, Soumare states that he was detained in the Philadelphia Federal Detention Center (FDC) according to a mandatory detention statute that is applied unlawfully to him.[3] I reproduce here a short summary of his statements: Soumare is a 35-year-old citizen and national of Mauritania. He has resided in the United States continuously since May 9, 2023, and presently as a resident of Philadelphia. *Cf.* Pet. Ex. A (addressed to Soumare in Philipsburg, Pennsylvania). On November 14, 2025, Soumare was attending a check-in at the Immigration and Customs Enforcement (ICE) office in Philadelphia when ICE officers arrested him. Soumare, who was applying for asylum after fleeing years of slavery in his home country, had been compliant with all previous check-ins and conditions placed on him by the immigration authorities. Nevertheless, ICE determined that Soumare was subject to mandatory detention under 8 U.S.C. § 1125 (INA § 235) and therefore determined that he would not be permitted a bond hearing.

On November 25, 2025, the respondents filed a response in opposition to the petition. The factual content of the response relies on, and does not dispute, Soumare's statements.[4] Instead, the focus was briefing to meet the petition's legal contentions.

---

[3] A hearing was originally scheduled for November 24, 2025. The Court learned prior to the hearing that Soumare had already been transferred from the FDC to custody elsewhere. This transfer does not affect this Court's jurisdiction over the matter, *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021), nor do respondents claim it does.

[4] This Court held a telephone status conference on November 24, 2025 at which the respondents' counsel notified the Court it anticipated no need to attach exhibits, since they were adequately

During a status conference held on November 24, 2025, the parties agreed that a hearing on the present petition was unnecessary, and that the Court could proceed to rule on the petition without further evidentiary development or argument.[5]

## II.  <u>DISCUSSION</u>

I do not proceed from a blank canvas. Instead, as the respondents acknowledge, "[t]he specific legal question raised by the petition has been considered by numerous courts," of which "[t]he majority . . . have rejected the government's position, including five decisions from this District as of the time of this filing." Br. in Opp. ("BIO") 1; *cf. id.* n.1 (noting further that approximately twenty further like petitions are presently before this Court). The "specific legal question" resolves into the preliminary issue of jurisdiction followed potentially by arguments on the merits that center on Section 1225, but which may also touch on the Constitution's Due Process Clause as well as immigration regulations.

Two weeks ago, another judge of this Court determined that there had been 288 decisions considering the "specific legal question raised," in 282 of which similar district courts have found jurisdiction to be proper and proceeded to rule on the merits in favor of the petitioner. *Demirel v. Federal Detention Center Philadelphia*, Civ. No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025); *see also id.* ECF 11-1 (appendix collecting 288 cases). Since then, a judge on the Southern District of New York calculated the figure at 350. *Barco Mercado v. Francis*, No.

---

entered as exhibits to the petitioner's filing. The respondents' representation in its response that Soumare, who was detained on May 9, 2023 at Lukeville, Arizona, had entered from Mexico, is a very reasonable inference from the petitioner's own statements and exhibits.

[5] Soumare's counsel reserved the possibility for reply briefing. After the respondents' filing, counsel wrote my chambers to waive his reply.

1:25-cv-06582-LAK, slip op. at 10 & n.22 (S.D.N.Y. Nov. 26, 2025). There is not appellate authority on the matter from the judiciary.[6]

The parties are entitled to the giving of reasons, but I must balance the depth of my composition against the fact that I have little new to say, and Soumare is suffering an ongoing detention which I have determined to be unlawful. I therefore rely more than other times for the expression of my reasoning on the explanations already set out by my colleagues.

The respondents first object to the Court's jurisdiction. They raise three paragraphs of the INA: 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii).[7] In short order: Section 1252(g) is inapposite, since Soumare does not attempt by this petition to address the commencement, adjudication, or execution of removal orders and their proceedings. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (applying jurisdiction stripping "only to [these] three discrete actions"). Section 1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (cleaned up). Finally, the respondents' statutory detention power is "not a matter of discretion" to which § 1252(a)(2)(B)(ii) applies. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The respondents next object that Soumare has failed to exhaust administrative remedies available to him, because Congress has crafted a regulatory process that is already capable of attending to his demand for redress. It is often prudent to require exhaustion prior to habeas relief, whether for the development of a full record, in respect of the immigration court's own area

---

[6] BIA is an appellate court, but not a part of the judiciary. Although it decides appeals taken from immigration courts, it does not decide appeals taken from United States district courts like the 288 compiled in the *Demirel* appendix.

[7] After the respondents objected to this Court's jurisdiction, Soumare waived his own briefing. The petition itself contains a simple statement of jurisdiction. Pet. 2 (ECF page 3).

expertise, or for efficient adjudication. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023). These concerns are greatly diminished where the parties agree that the development of an evidentiary record is unnecessary and my legal determinations are not constrained by the agency's own determinations, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385–86 (2024). Under the circumstances, the BIA's recent and general determination that detainees like Soumare are detained under § 1225 without recourse to a bond hearing, *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025), indicates that further administrative proceedings would only delay this Court's review and prolong Soumare's detention.

Turning to the merits, the question is whether Soumare is properly detained under the mandatory detention provisions in 8 U.S.C. § 1225. According to respondents, Soumare's detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Soumare was "seeking admission" in this section although he was already within the country more than two years at the time he was detained. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Soumare sought to be admitted to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025). It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel*, 2025 WL 3218243, at *4. It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243, at * 4 (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Hurtado*, 29 I&N Dec. at 222 (offering alternative textual analysis).

5

Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach Soumare's constitutional or regulatory arguments.

The respondents do not argue that Soumare is presently detained pursuant to both § 1226 and § 1225. Section 1226, which permits detention but would generally permit the detainee to seek bond, was cited in the warrant for his arrest, pet. ex. B (as INA § 236), but not in the respondents' papers. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Soumare has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III.  <u>CONCLUSION</u>

For the reasons given above, Soumare's present detention is unlawful. I will issue an order granting him a bond hearing upon any future detention under § 1226.

6